Filed 6/18/24  P. v. Rogers CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>HARVEY LEE ROGERS,<br><br>        Defendant and Appellant. | A168539<br><br>(Mendocino County<br>Super. Ct. No. 22CR02037) |

Harvey Lee Rogers (appellant) appeals from the judgment following his plea of no contest to driving a vehicle under the influence of a drug (DUI) and causing injury (Veh. Code, § 23153, subd. (f)).  We remand for a new sentencing hearing.

BACKGROUND

According to the probation report, appellant was driving a car and collided with a motorcycle, severely injuring the motorcycle driver and passenger.  Appellant told the responding officer that he had not used methamphetamine that day, but a blood test revealed the presence of methamphetamine.

1

Appellant pled no contest to driving under the influence and admitted two enhancements: personal infliction of great bodily injury (Pen. Code,[1] § 12022.7, subd. (b)), and causing injury to more than one victim (Veh. Code, § 23558).  The trial court sentenced appellant to the low term of 16 months for the DUI, plus consecutive terms of five years on the great bodily injury enhancement and one year on the multiple victim enhancement.

DISCUSSION

Appellant argues the trial court prejudicially failed to recognize the scope of its discretion to strike one of the enhancements pursuant to a recent statutory amendment.

"Section 1385, subdivision (a) (§ 1385(a)), authorizes a trial court to dismiss an action 'in furtherance of justice' on its own motion."  (*People v. Dain* (2024) 99 Cal.App.5th 399, 409, review granted May 29, 2024, S283924.)  "Prior to 2022, section 1385 'did not provide direction as to how courts should exercise [their] discretion' to dismiss or strike enhancements. [Citation.]  But, effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) amended section 1385 to specify mitigating circumstances courts must consider when deciding whether to strike enhancements in furtherance of justice.  (Stats. 2021, ch. 721, § 1; [citation].)" (*Dain,* at pp. 409–410.)  These amendments were in effect at the time of appellant's July 2023 sentencing hearing.

Section 1385, subdivision (c) (§ 1385(c)), added by Senate Bill 81 (*Dain, supra,* 99 Cal.App.5th at p. 410), provides: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any

---

[1] All undesignated statutory references are to the Penal Code.

initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  As relevant here, one of the mitigating circumstances is: "Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed." (§ 1385(c)(2)(B).)[2]

Appellant argues the trial court was unaware of this new direction as to how to exercise its discretion.[3]  " ' "Defendants are entitled to sentencing

---

[2] Appellant disavows any argument that dismissal is mandatory when a mitigating circumstance is found.  (See *People v. Mazur* (2023) 97 Cal.App.5th 438, 444 ["California courts have consistently rejected this mandatory dismissal argument in construing the 'shall be dismissed' language of subdivision (c)(2)(B) and (C)."], review granted February 14, 2024, S283229.)  Appellant also disclaims any argument that section 1385(c) creates a rebuttable presumption in favor of dismissal when mitigating circumstances are present, an issue currently pending before the Supreme Court.  (*People v. Walker*, review granted Mar. 22, 2023, S278309.)

[3] The People do not contend appellant forfeited the claim by failing to raise it below.  (See *People v. Panozo* (2021) 59 Cal.App.5th 825, 840 (*Panozo*) [where the appellant "does not challenge the manner in which the trial court *exercised* its sentencing discretion but rather its apparent misapprehension of statutory sentencing obligations[,] . . . forfeiture . . .  is inappropriate"].)  We therefore need not and do not address appellant's alternative contention that his trial counsel rendered ineffective assistance of counsel by failing to raise the challenge below.  Appellant has also asserted his ineffective assistance of

3

decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." ' " (*People v. Salazar* (2023) 15 Cal.5th 416, 424 (*Salazar*).) " 'If the court's decision is influenced by an erroneous understanding of applicable law or reflects an unawareness of the full scope of its discretion, the court has not properly exercised its discretion under the law. [Citation.] Therefore, a discretionary order based on an application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal.' " (*Wade v. Superior Court* (2019) 33 Cal.App.5th 694, 709 (*Wade*).)

While "sentencing courts are generally presumed to have acted in accordance with legitimate sentencing objectives," "where the record is not silent, but rather is 'at the very least ambiguous as to whether the court understood its [statutory] obligation," the presumption cannot be relied on. (*Panozo, supra,* 59 Cal.App.5th at p. 839.) Thus, where the defense counsel, prosecutor, and probation report all failed to reference the court's statutory obligation to consider the defendant's military service-related post-traumatic stress disorder in considering his suitability for probation and as a mitigating factor in selecting a term of imprisonment; and where the court's identification of the factors it considered in making these determinations did not include the defendant's military service-related post-traumatic stress disorder, the record was ambiguous and remand was required. (*Id.* at pp. 837–839; see also *Wade, supra,* 33 Cal.App.5th at p. 716, fn. 9

counsel claim in a separate petition for writ of habeas corpus, case No. A169172. We have denied that petition by separate order filed this date.

4

[presumption of correctness does not apply to exercise of discretion where "the court stated its considerations on the record, and none pertained to" the appropriate legal principle]; *People v. Ochoa* (2020) 53 Cal.App.5th 841, 852–854.)

Neither the probation report, the prosecutor, nor defense counsel made any reference to section 1385(c). In its pronouncement of the sentence, the trial court did not discuss the enhancements other than to impose sentence. Most significantly, the court subsequently stated its reasons for denying defense counsel's request to run the sentence on either enhancement concurrently instead of consecutively: "I think as a matter of law the only thing the court could do is strike the punishment under the enhancement, I can't [run] them concurrently. And based on the fact that there were two victims in this case that suffered horrific injuries that are life lasting, the court is not inclined to strike the punishment for either enhancement. [¶] The court would note he ple[]d to one 12022.7(b) allegation, though there were two victims in this case." In discussing its discretion to strike an enhancement, the court did not mention the mitigating circumstance of two enhancements or whether dismissal of one enhancement would endanger public safety. Instead, the court's sole focus was on the impact of the crime. While the physical harm caused by the crime may impact whether dismissal would endanger public safety, it is not the only consideration in this intrinsically forward-looking determination. Accordingly, the record is ambiguous as to whether the trial court was aware of the scope of its discretion pursuant to the amended statute.

Where a court was unaware of the scope of its discretion, " 'the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even

5

if it had been aware that it had such discretion." ' " (*Salazar, supra,* 15 Cal.5th at p. 424.) The record does not so indicate. The trial court found the mitigating circumstances outweighed the aggravating circumstances in sentencing appellant to the low term on the DUI, indicating the court was open to some leniency in sentencing. Moreover, the record indicates appellant is in his 70s with multiple health issues, and the trial court noted, based on the letters submitted on appellant's behalf, "[i]t sounds like you had people that have supported you in the most recent timeframe after this incident." These factors could support a finding that dismissal of an enhancement would not endanger public safety.[4] The court's decision not to strike one of the enhancements, apparently based on its understanding of the prior version of section 1385, does not constitute a clear indication of how the court would exercise its discretion under the amended statute.

Accordingly, we will remand for the trial court to exercise its discretion under section 1385(c).

## DISPOSITION

The matter is remanded for a new sentencing hearing at which the trial court shall exercise its discretion under section 1385(c). In all other respects, the judgment is affirmed.

---

[4] We express no opinion as to whether the trial court should so find or how the trial court should exercise its discretion under section 1385(c) on remand.

6

SIMONS, J.

We concur.

JACKSON, P. J.
CHOU, J.

(A168539)

7